B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS *Sheree R. Greene* | DEFENDANTS *Quicken Loans, Inc / All State* *Rocket Mortgage / Quicken Loans, LLC* |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☒Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☒Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

(See attached) → *Quicken Loans*   *1050 Woodward ave.*   *detrout, mi*

FILED
U.S. Bankruptcy Court
JUN 3 2022
Middle District of Georgia

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☒ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $ *350,000.00 (#350K)* |
| Other Relief Sought *Punitive damages, all fees & costs, re: Stroke* | |
| *in October 2018 and depression disorder* | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR *Shereen R. Greene* | BANKRUPTCY CASE NO. | |
| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF *N/A* | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE *6/3/2022* | PRINT NAME OF ATTORNEY (OR PLAINTIFF) *Shereen R. Greene* | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

## BANKRUPTCY FILING
## CAUSED UNDER ADVERSARIAL CIRCUMSTANCES
## BY QUICKEN LOANS INC.

FILED
U.S. Bankruptcy Court
JUN   3 2022
Middle District of Georgia

**BANKRUPTCY CASE FILE NO. _____**

### RE: NON-JUDICIAL FORECLOSURE & ADVERSARIAL NOTICE
### 1318 21st STREET, COLUMBUS GA 31901

The mortgage for this property is not due to any default by Owner. It is due to a defalcation and conflagration on the part of Quicken Loans and that has been proven.

There was no business done with Rocket Mortgage, nor with Quicken Loans LLC, so neither have any legal standing to foreclose on this property as no documents exist for these companies that have my implicit signature on them.

Ownership will not transfer to the Secretary of Housing and Urban Development due to the fact that they have sent me a letter stating entirely different than the words of Foreclosure Attorney Rubin Lublin and they do not have an interest in taking my home at this time according to the notification from the Secretary of Housing and Urban Development in Washington DC, as of May 2022.

HUD has not required me to move from my property nor have they stated an interest in pursing this foreclosure as stated by Rubin Lublin, Peachtree Corners, GA.

FOR THE FOLLOWING REASONS:

HUD is well aware of the defalcation on this loan due to its settlement with Quicken Loans Inc. and the Georgia Attorney General's office also was made aware that Quicken Loans should not have been doing any business in the state of Georgia due to its former malfeasances under the name of Countrywide Home Loans.

In a Case in the Middle District of Georgia 4:18-cv-00199-CDL AND 4:20-CV-00135-CDL, it was adjudged that "**Quicken Loans would receive nothing of Plaintiff and Plaintiff would receive nothing of Quicken Loans.**" There was no directive as to what "nothing" was, so the balance in that case was that I would not receive the money I sued them for, and they would not receive my property that they wrongfully sued me for in their attempts to foreclose.

Also, in an Appeal Case in the 11th Circuit Court of Appeals Case No. 19-11016-CC, it was also stated that the Plaintiff was telling the truth by **a 100-percent preponderance** of the evidence, which means that Quicken not only defaulted on their contractual obligation, as I stated – a contract which is no longer enforceable – but that I was rightly and righteously telling the absolute truth about their defalcation

At that time, HUD  ceased to make any efforts to take my home and has since sent me a letter that shows no intention that they plan to do so, so your communications are boilerplate, but not in alignment with the facts of those two cases.

I see no reason, since that is the case, to "rent" any properties OR my home from HUD, as they are also Party to the **Department of Justice /** Office of Public Affairs, Thursday, April 23, 2015 - **United States Files Lawsuit Alleging that Quicken Loans Improperly Originated and Underwrote Federal Housing Administration-Insured Mortgage Loans; COMPLAINT FOR VIOLATIONS OF THE FALSE CLAIMS ACT, 31 U.S.C. §§ 3729) 3733 AND COMMON LAW /** Justice Department Case <u>Civil Action No. 15-0613</u> in which Quicken Loans was found to have broken the laws under the Qui Tam **False Claims Act** and upon which they settled for $32.5 Million.Though they did not admit any fault or wrongdoing, it was more than obvious by those cases and by my own that they were guilty of doing so.

This home falls under the purview of the False Claims Act that was settled by Quicken Loans Inc., and since I was still in my home and it was not foreclosed on at the time, the claims were dismissed. It also falls into the guidelines of all cases the same and similarly situated to it.

Under applicable federal, state and local law, I am in fact entitled to retain ownership of my home due to the defalcation activities of Quicken under the False Claims Act, due to Quicken's failure to comply with HUD regulations on this property and their submission of false information with regard to my income and property taxes, and also by Georgia state law that forbade "Countrywide Home Loans" nka "Quicken Loans" from doing business in the state of Georgia.

Under the laws of Contract fraud, there was no "meeting of the minds" between myself and Quicken Loans Inc. as they did not follow the law nor HUD guidelines, which is what caused the defalcation on this loan. They also did nothing to correct their error when given an opportunity to do so, and their actions do not entitle them to any "right of action" that would cause me to lose my home.

There is no reward prescribed by Federal, State, Local laws, or by FHA guidelines that "entitles" an entity to a person's home after they have committed such illegal matters that are a **direct violation of Truth in Lending, Disclosure laws, AND the Dodd-Frank and Real Estate Settlement Procedures Act (RESPA)**.

HUD has not requested from me any "Conditions for Continued Occupancy" and it is a superior conflict of interest for you to represent Quicken Loans AND HUD, especially when HUD has not expressed any interest in my property coming directly from Washington DC.

Quicken Loans Inc. was sent through you an ALR request more than three years ago that they never responded to to show proof of Legal Standing and they did not respond to that demand three years ago as requested.

Quicken  Loans Inc. told several other lies on top of the escrow default on their part during this case, and presented documents that had someone else's signature on them. These

were not clerical errors, these were financially and economically damaging MATERIAL forgeries, and that has also been proven.

This is their THIRD ATTEMPT at a non-judicial foreclosure and they have, once again, put me in IMMINENT DANGER of losing my home due to their malfeasant actions on this claim.

Quicken's PROVEN malfeasance (11th Circuit Court of Appeals) not only put me in jeopardy of losing my home, but entirely turned my credit score-which was at 699 before they did this- to under 400, and caused me to have to live off credit cards, all of which cannot be paid. I also suffered a stroke in October of 2018 due to this fraudulent behavior which caused me extreme medical distress and harm and endangerment.

There exists NO contractual obligations in which I agreed to pay 80-percent of my social security income for any monthly payments. I never saw it nor did I sign any of it.

A *non-judicial foreclosure* is non-sequiter due to Quicken's default and also to their failure to comply with HUD's FHA guidelines as shown in the settled lawsuit from the Justice Department, as well as state contract laws, in which this does not meet all FIVE elements of a perfected contract since you changed material elements of it without the owner's knowledge or permissive will or consent.

This was all proven in the Appeals process in which I claimed it was a predatory loan and the11th Circuit Court of Appeals agreed with me as Plaintiff in this case, by a 100-percent PREPONDERANCE OF THE EVIDENCE that was presented.

**JUSTICE DEPARTMENT QUOTE:** "The United States has filed a complaint in the U.S. District Court for the District of Columbia against Quicken Loans Inc. under the False Claims Act for improperly originating and underwriting mortgages insured by the Federal Housing Administration (FHA), the Justice Department announced today. Quicken is a mortgage lender headquartered in Detroit.

"Those who do business with the United States must act in good faith, including lenders that participate in the FHA mortgage insurance program," said Principal Deputy Assistant Attorney General Benjamin C. Mizer of the Justice Department's Civil Division. "To protect the housing market and the FHA fund, we will continue to hold responsible lenders that knowingly violate the rules."

Quicken participated in the FHA insurance program as a direct endorsement lender (DEL). As a DEL, Quicken had the authority to originate, underwrite and certify mortgages for FHA insurance. If a DEL such as Quicken approves a mortgage loan for FHA insurance and the loan later defaults, the holder of the loan may submit an insurance claim to the U.S. Department of Housing and Urban Development (HUD), FHA's parent agency, for the losses resulting from the defaulted loan. Under the DEL program, neither the FHA nor HUD reviews the underwriting of a loan before it is endorsed for FHA insurance. HUD therefore relies on DELs to follow program rules designed to ensure that they are properly underwriting and certifying mortgages for FHA insurance. And, to that end, a DEL must certify that every loan endorsed for FHA insurance is underwritten according to the applicable FHA standards.

The government's complaint alleges that, from September 2007 through December 2011, Quicken knowingly submitted, or caused the submission of, claims for hundreds of improperly underwritten FHA-insured loans. The complaint further alleges that Quicken instituted and encouraged an underwriting process that led to employees disregarding FHA rules and falsely certifying compliance with underwriting

requirements in order to reap the profits from FHA-insured mortgages. For example, Quicken allegedly had a "value appeal" process where, when Quicken received an appraised value for a home that was too low to approve a loan, Quicken often requested a specific inflated value from the appraiser with no justification for the increase– even though such a practice was prohibited by the applicable FHA requirements. Quicken also allegedly granted "management exceptions" whereby managers would allow underwriters to break an FHA rule in order to approve a loan.

The government's complaint alleges that Quicken's senior management was aware of these and other problems. The complaint alleges that Quicken's Divisional Vice President for Underwriting, the second most senior executive in Quicken's Operations Department, wrote in an email discussing the value appeal process that "I don't think the media and any other mortgage company (FNMA, FHA, FMLC) would like the fact we have a team who is responsible to push back on appraisers questioning their appraised values." In another email, the same Divisional Vice President for Underwriting wrote to a group of Quicken executives stating that 40 percent of the management exceptions on FHA's early payment defaults should not have been granted, adding: "we make some really dumb decisions when it comes to client service exceptions. Example, purchase loan we pulled new credit and the client stopped paying on almost everything and the scores fell by 100 points, we [still] closed it." In yet another email discussing an FHA loan, the Operations Director, a senior level executive, explained that the loan was approved based on "bastard income," which he described as "trying to put some kind of income together that is plausible to the investor even though we know its creation comes from something evil and horrible."

The government's complaint alleges that as a result of Quicken's knowingly deficient mortgage underwriting practices, HUD has already paid millions of dollars of insurance claims on loans improperly underwritten by Quicken, and that there are many additional loans improperly underwritten by Quicken that have become at least 60 days delinquent that could result in further insurance claims on HUD. For example, the government's complaint identifies a borrower whose bank account statement showed overdrafts in multiple months and during the loan application process requested a refund of the $400 mortgage application fee so that the borrower would be able to feed the borrower's family. Nevertheless, Quicken allegedly approved the loan. The borrower made only five payments before becoming delinquent and as a result, HUD ultimately paid an FHA insurance claim of $93,955.19. In another example, the complaint identifies a loan where the borrower was cashing out equity through a cash-out refinance. Allegedly, Quicken originally received an appraised value of $180,000, but because the borrower wanted to receive more cash, Quicken requested the appraiser to inflate the value by $5,000. The appraiser allegedly provided Quicken's requested value of $185,000 even though the only difference between the two appraisals was the appraised value – the comparable sales analysis, and even the date of the appraiser's signature, remained the same. Quicken allegedly used the inflated appraisal value to approve the loan. The borrower was delinquent on his first payment and as a result, HUD ultimately paid an FHA insurance claim of $204,208.

The complaint further alleges that Quicken failed to implement an adequate quality control program to identify deficient loans, and that Quicken failed to report to HUD the loans it did identify. In particular, according to the government's complaint, despite its obligation to report to HUD all materially deficient loans, during the period from September 2007 to December 2011, Quicken concealed its deficient underwriting practices and failed to report a single underwriting deficiency to the agency.

"As the complaint alleges, Quicken violated HUD's quality standards when obtaining HUD insurance for mortgage loans," said U.S. Attorney John Walsh of the District of Colorado, whose office helped to lead the investigation. "Quicken issued hundreds of defective mortgage loans, and left HUD – and the taxpayer – to pay for the loans that defaulted. Quicken's alleged fraudulent conduct affected communities nationwide. This case is the latest step in our commitment to hold accountable mortgage lenders who profit by taking advantage of HUD insurance and issuing defective loans that do not meet HUD's standards."

"Quicken needs to be held accountable for violations of HUD requirements in the origination of FHA loans, as alleged in the complaint," said HUD General Counsel Helen R. Kanovsky. "HUD will continue to take action to protect the FHA and American homebuyers."

"The complaint alleges that Quicken approved loans that should not have been approved and submitted them for FHA insurance," said HUD Inspector General David A. Montoya.  "The alleged cost to the FHA insurance fund was millions of dollars and hopefully this serves as reinforcement to Quicken that doing the wrong thing really never is worth it."

The investigation of this matter was a coordinated effort among HUD-Office of Inspector General, HUD, the U.S. Attorney's Office of the District of Colorado and the Civil Division's Commercial Litigation Branch."

_____

Shereen R. Greene

### LEGAL and MORAL REFERENCES

➢ <u>Dan Gilbert refuses to settle Department of Justice mortgage ...</u>
https://www.freep.com › john-gallagher › 2018/01/18 / Jan 18, 2018 — **Dan Gilbert** vows he **will never settle** Department of Justice mortgage lawsuit ... **Dan Gilbert**, owner of Quicken Loans and the Cleveland Cavaliers, ..

➢ <u>Quicken, Feds reach $32.5M deal in false claims lawsuit</u>
https://www.detroitnews.com › business › 2019/06/14 / Jun 14, 2019 — **Dan Gilbert**. Quicken Loans Inc. agreed to pay $32.5 million to the U.S. government in a yearslong case accusing the Detroit home mortgage lender ..

> ➢ Quicken Loans malfeasance discovered in 2018 with regard to using someone else's income and property taxes for the escrows – a clear violation of federal **RESPA** laws.
> ➢ Letter received from Quicken Loans shows that their underwriting department changed the property taxes to those from another homeowner, but also shows they back-dated the purchase date of the property to the year 2013 in order to defraud HUD. Later on, it is also discovered that Quicken's underwriting department fudged unproved income more than $250 per month in order to force a faulty loan to close in spite of the fact that it was not eligible for funding under FHA rules and regulations on origination. RESPA laws regarding escrow calculations were, in fact, violated at that time.
> ➢ Homeowner suffered a stroke in October 2018 due to the emotional distress associated with trying to find out how the payments escalated from a somewhat comfortable 40% to nearly 80-percent of the only disability income she had when nothing else had changed.
> ➢ Quicken Loans stated that homeowner's property taxes had increased, but they were the same in January of 2018 that they were in January of 2016 and January of 2017. Nothing at all had changed that would have accounted for any increase in these payments.

➢ Homeowner, as a licensed and ordained Minister and Pastor, turned the property over by Gift Deed in order to request an exemption on taxes as a church property occupied as a parish by the minister of Open Book. Tax process was taken subject to appeal, as taxes were too high for comparative properties, but the appeal was dropped after Quicken Loans refused to correct their origination errors.

➢ Quicken Loans refuses to comply with HUD for loan modification to correct and adjust for their own underwriting errors.

➢ Quicken Loans fails to comply with HUD Guidelines 4000.1 as a "DEL", which is required by the FHA. Those compliances include a 30-45-day deadline with which to report all erroneous information to HUD, as well as under their rules, Quicken Loans was required to make every effort NOT to cause a foreclosure, and they did not follow any of those guidelines, which included Special Forbearance, Mortgage Modification-which they refused to do to correct their errors; Partial Claim, FHA-HAMP to reduce the principal balance, NONE of which was done to reverse their own defalcation of erroneous origination. They instead opted for a "quick foreclosure" in order to hide the fraudulent actions of their own underwriting department.

➢ Truth in Lending fraud was intentionally withheld from Homeowner for 18 months in order to pass the 12-month time-bar for suit under TILA laws, a usual tactic move.

➢ Quicken Loans presented falsified documents that did not contain my signature in the court documents, which I proved were false.

➢ Quicken Loans made false statements about "missed payments" in 2018, but I had a copy of all payments made from their own corporate website, which showed all payments due were paid and in most months, overage payments were also made in two large-dollar and 10 small-dollar amounts.

➢ Homeowner's credit score drops from 699 to 530 and lower and is not at less than 400 due to homeowner having to use available credit to pay utilities and phone, disconnect the gas service, put a lien on a car which had no lien, and also use credit cards to buy food and put gas in the car, which was not a problem before Quicken Loans errors on origination made the loan payments go up to nearly 80-percent of Homeowner's income – something that was avoidable, intentional and should not have happened.

➢ Quicken Loans intentionally refused to pay Homeowner's Hazard Insurance to American Modern, which they had built into the escrows, and tossed it away in exchange for their own force-placed insurance though they had no legal reason to do so except to bleed the equity left in the home.

➢ Quicken Loans also named SunTrust Bank on legal documents filed in Middle District as a Party to this transaction, but SunTrust Bank, as was also the case with Wells Fargo, had nothing to do with it. One of many lies told by Quicken Loans along with the others.

➢ Quicken stated that Owner had no "private right of action" under federal *consumer* laws, but there were several other cases where the exact opposite was told to Plaintiffs who all won their lawsuits against their various predatory lenders through the law offices of Charles Gower of Columbus, one similar case was named "David Brash v. PHH Mortgage Services, Civil Case No. 4:2009cv00146".

Quicken claimed "Brash was paying his monthly mortgage payments," but does not admit that they are aware that violation of RESPA does not make or break based on monthly payments, but on whether or not federal laws were broken with regard to hidden fees, costs, bad appraisals, bad faith dealings, fraud, and mostly with escrow calculations whether payments are being made or not. This case was no different in effect or actions than all the others that were given Private rights of action and were won by the Plaintiffs.

➤ Fed.R.Civ.P. 12(b)(6). A Motion to Dismiss a Plaintiff's Complaint under Rule 12(b)(6) should **not** be granted unless the Plaintiff fails to plead enough facts to state a claim to relief that is plausible, and not merely just conceivable, on its face. According to the 11th Circuit Court of Appeals, my facts were not only plausible prima facie, but was proven to be true by a 100% preponderance of the evidence presented by Plaintiff. Any future foreclosure action would make what may have been "failure to state a claim upon which relief can be granted" a claim upon which relief can and will be granted.

➤ Leave to proceed without prepayment of filing fees. Affidavit filed in support of request to do so. Pursuant to 28 U.S.C. § 1915(a), a district court may authorize the commencement of a civil suit without prepayment of fees if the court finds that a party is unable to pay the fees.

➤ Quicken Loans has violated the **Fair Debt Collections Practice Act (FDCPA)** under the Federal Trade Commission (FTC) for the following reasons: Public Law 111-203, title X, 124 Stat. 2092 (2010), Section 807(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney with regard to their statement that Rubin Lublin LLC represents **both** Quicken Loans and HUD or the FHA in any capacity with regard to any foreclosure sales. No disclosure or notification was received by any lawyers represented by the federal government with regard to this matter, so Rublin Lublin falsely claims to represent both HUD and Quicken Loans, a necessary and blatant conflict of interest.

➤ Quicken Loans has violated the FDCPA under the Federal Trade Commission (FTC) for the following reasons: Public Law 111-203, title X, 124 Stat. 2092 (2010), Section 808(6): The false representation or implication that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to lose any claim or defense to payment of the debt by sending communications from HUD that are in direct opposition to communications sent to Owner directly from HUD. Section (9) The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

➤ Quicken Loans has violated the FDCPA under the Federal Trade Commission (FTC) for the following reasons: Public Law 111-203, title X, 124 Stat. 2092 (2010), Section 808(8): Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

➢ Quicken Loans has violated the FDCPA under the Federal Trade Commission
(FTC) for the following reasons: Public Law 111-203, title X, 124 Stat. 2092
(2010), Section 808(11): The failure to disclose in the initial written
communication with the consumer and, in addition, if the initial communication
with the consumer is oral, in that initial oral communication, that the debt
collector is attempting to collect a debt and that any information obtained will be
used for that purpose, and the failure to disclose in subsequent communications
that the communication is from a debt collector....

➢ Quicken Loans has violated the FDCPA under the Federal Trade Commission
(FTC) for the following reasons: Public Law 111-203, title X, 124 Stat. 2092
(2010), Section 812(a): It is unlawful to design, compile, and furnish any form
knowing that such form would be used to create the false belief in a consumer that
a person other than the creditor of such consumer is participating in the collection
of or in an attempt to collect a debt such consumer allegedly owes such creditor,
when in fact such person is not so participating. HUD has not indicated their
participation in this fraudulent attempt to get me to sign forms to rent my own
property that was paid for in cash.

➢ Quicken Loans LLC is not a valid Party to this matter as no documents were
given with regard to Quicken Loans LLC.

➢ Rocket Mortgage is not a valid Party to this matter of a foreclosure action as no
documents were given with regard to Rocket Mortgage.

➢ Quicken Loans Inc. no longer exists and had no right of legal standing to conduct
business in the state of Georgia, as they only changed their names many times, but
not their deceptive business practices after being exposed as predatory loan
company "Countrywide Home Loans Inc.", which should not have been doing
business in this state.

➢ Quicken Loans has caused loss of credit standing upon which their actions has
had egregious and severe impact, the filing of another bankruptcy by Homeowner
that would not have had to take place if they had not defalcated on the alleged
"default", and the loss of tremendous amounts of funds from borrowing and use
of credit in order to protect her right to remain in her home.

➢ Severe damage to credit report due to Quicken Loans actions in violation of
Federal Trade Commission (FTC) laws.

➢ Declaration of Georgia Homestead Exemption is made in ALL events, which
allows a homeowner facing foreclosure to keep the value of their home.

➢ The Georgia Residential Mortgage Fraud Act (O.C.G.A. § 16-8-101) applies to
residential mortgage loans. In Georgia, a person commits the crime of mortgage
fraud when he or she, with the intent to defraud, does any of the following: (1)
Knowingly makes any deliberate misstatement, misrepresentation, or omission
during the mortgage lending process with the intention that it be relied on by a
mortgage lender, borrower, or any other party to the mortgage lending process;
(2) Knowingly uses or facilitates the use of any deliberate misstatement,
misrepresentation, or omission, knowing the same to contain a misstatement,
misrepresentation, or omission, during the mortgage lending process with the
intention that it be relied on by a mortgage lender, borrower, or any other party to
the mortgage lending process; (3) Receives any proceeds or any other funds in

connection with a residential mortgage closing that such person knew resulted from a violation of paragraph (1) or (2) of this Code section; (4) Conspires to violate any of the provisions of paragraph (1), (2), or (3) of this Code section; or (5) Files or causes to be filed with the official registrar of deeds of any county of this state any document such person knows to contain a deliberate misstatement, misrepresentation, or omission.

➢ Quicken Loans has violated the Georgia Fair Lending Act 7-6a-3(7), which states "A creditor shall not make a high-cost home loan without first receiving certification from a counselor with a third-party nonprofit organization approved by the United States Department of Housing and Urban Development or the Georgia Housing and Finance Authority that the borrower has received counseling on the advisability of the loan transaction." This did not take place.

➢ Quicken Loans violated Georgia Fair Housing Code 7-6A-9. Terms of insurer providing insurance through financed premiums. (1) Within 90 days of the loan closing and prior to receiving any notice from the borrower of the compliance failure, (A) the creditor or servicer has offered appropriate restitution to the borrower and appropriate adjustments are made to the loan or (B) to correct a compliance failure of paragraph (1) of Code Section 7-6A-3, an insurer providing insurance through premiums financed by a creditor may provide appropriate restitution to the borrower by returning premiums paid plus interest charged on the premiums to the borrower upon receipt of notice of the compliance failure; or (2) Within 90 days of discovering a compliance failure and prior to receiving any notice of the compliance failure and the compliance failure was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors, the borrower is notified of the compliance failure, appropriate restitution is offered to the borrower, and appropriate adjustments are made to the loan. Examples of a bona fide error include clerical, calculation, computer malfunction and programming, and printing errors. An error of legal judgment with respect to a person's obligations under this chapter is not a bona fide error. **NOTE**: These errors were not addressed until **18 months** later and resulted in the malfeasance of monthly payments that were adjusted up to nearly 80-percent of Owner's actual proved income at origination.

➢ Quicken Loans engages in consistent abusive and fraudulent practices against homeowners, particularly owners of color who are the largest demographic victims of bad mortgage loans. The United States has a long history of enabling the theft of properties through unscrupulous means from Tulsa OK to Greenwood MS to Rosewood Plantation, FL, and of allowing bad faith loans and then allowing those who engage in predatory practices to make laws to protect themselves from the consequences of their actions. The False Claims Act, as well as consumer laws, were made to provide for punishment for these types of actions, so Quicken Loans settlement with the Justice Department shows that my case was one of hundreds and potentially thousands of wrongful foreclosure actions that have taken place because they are not held accountable for their malfeasant actions, which are referred to as "Liar Loans" on the part of the Lender who converts property to themselves by falsifying Homeowner's personal

information in order to month-end sales quotas with no regard to endangering the owner's rights. _ Committee on Banking, Housing and Urban Affairs, Wednesday, February 7, 2007 "Minority borrowers are being targeted for higher-cost subprime mortgages regardless of their financial health. The 2005 Home Mortgage Disclosure Act data show that over half of African American borrowers and 46-percent of Hispanic borrowers were given high-cost subprime loans…in the home mortgage industry…People of color are economically exploited, resulting in a home-owning rate of fewer than 50-percent."

➢ "Predatory lending," as noted in the above report is quoted as a "direct attack on our financial security and economic future…"

➢ Rocket Mortgage has no Promissory Note upon which to make a claim of right of foreclosure action.

➢ Quicken Loans LLC has no Promissory Note upon which to make a claim of right of foreclosure action.

➢ Quicken Loans Inc. is no longer a valid company with a right of foreclosure action and should not have been making loans in the state of Georgia.

➢ This is a Demand to set aside this foreclosure sale scheduled for June 7, 2022 due to numerous violations of state and federal laws, including no action taken by HUD and breach of contract on the fault of Quicken Loans, Inc., a company that no longer exists.

➢ ALR request of three years ago was never received with regard to Quicken Loans standing to foreclose.

➢ Damages upon which to "state a claim" to include any and ALL bankruptcy filings that come about as a damaged my credit reputation due to Quicken's malfeasant and predatory operations.

➢ MERS has no legal standing to foreclose, as shown in your letter dated April 28, 2022. It is a holding cell for paperwork, not a legal entity that can own or convey property.

➢ ROCKET MORTGAGE, according to Quicken Loans, is just a "process" that cannot be sued. Therefore, by equivalent balance of the law, it is not a legal entity or "person" who can own or hold property from any foreclosure sales.

➢ **The total amount of the debt owed is non-valid** and unenforceable due to the above fraud and violations of state and federal law with regard to predatory lending practices.

➢ QUICKEN LOANS LLC did not exist until after this loan defalcation and therefore has no legal standing or court merit in this malfeasant foreclosure action.

➢ Middle District Court: "Plaintiff shall receive nothing of Quicken Loans and Quicken Loans shall receive nothing of Plaintiff" still stands at NOTHING.

➢ U.S. 11TH Circuit Court of Appeals statement that "Everything Plaintiff states is true and believed and valid" is proof that **no default** took place on the part of the Homeowner by 100-percent preponderance of the evidence.